UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

                                  Case No.  2:21-cv-12042
v.                                  District Judge Sean F. Cox
                                  Magistrate Judge Anthony P. Patti

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 68.56.155.251,

        Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (ECF No. 4)

This matter is before the Court for consideration of Plaintiff Strike 3

Holdings, LLC's motion for leave to serve a third-party subpoena prior to a Rule

26(f) conference.  (ECF No. 4.)  Plaintiff filed suit on September 2, 2021, against a

single "John Doe" defendant, identified only by the subscriber Internet Protocol

("IP") address he or she is alleged to have used to unlawfully download and share

Plaintiff's copyrighted movies using BitTorrent software.  (ECF No. 1, PageID.1-

2, 9-11, ¶¶ 1-6, 47-52; ECF No. 1-2.)  On September 9, 2021, Plaintiff filed the

instant motion, in which it seeks to discover John Doe's identity by issuing a

subpoena on the Internet Service Provider ("ISP") associated with the identified IP address.  (ECF No. 4.)  For the reasons discussed below, this motion (ECF No. 4) is **GRANTED**.

## I.   BACKGROUND

This is a copyright infringement case.  Plaintiff purports to own copyrights to various films, including the copyrighted works at issue in this lawsuit.  (ECF No. 1, PageID.1-2, ¶¶ 1-3; ECF No. 1-2.)  Plaintiff does not know the name of John Doe Defendant, but indicates that it has identified Defendant through a unique IP address that was involved in the alleged infringement.  (ECF No. 1, PageID.2, ¶¶ 4-5.)  Among the attachments provided in support of its motion is the declaration of Patrick Paige of Computer Forensics, LLC, "a Florida based expert computer forensics company."  (ECF No. 4-3, PageID.67, ¶ 3.)  Mr. Paige avers that he has found evidence to support the allegation that the IP address at issue in this lawsuit "engaged in a transaction that included the transmission of a piece or pieces of a file, in response to a request for data relating to [a certain Info Hash value], in a transaction initiated . . ." on May 23, 2021.  (ECF No. 4-3, PageID.71, ¶ 26.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted

from initial disclosure under Rule 26(a)(1)(B), or when authorized by
these rules, by stipulation, *or by court order*.

Fed. R. Civ. P. 26(d)(1) (emphasis added).  Courts in this district have applied a

"good cause" standard to determine whether such expedited discovery should be

authorized.  *See Malibu Media, LLC v. Doe*, No. 14-14237, 2015 WL 224807, at

*1 (E.D. Mich. Jan 15, 2015).  This issue arises not infrequently in copyright

infringement cases where the identity of the infringer is not known.  *See Arista

Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2012).

Courts have further developed the "good cause" standard.  Specifically, in

copyright cases, the Court considers the following factors to determine whether the

issuance of subpoenas to discover the identity of Doe defendants in advance of a

Rule 26(f) conference is proper: (1) whether the plaintiff has made a *prima facie*

showing of a copyright infringement claim; (2) whether the plaintiff has submitted

a specific discovery request; (3) whether the information sought is limited in scope

and not available through alternative means; (4) whether plaintiff has a central

need for the subpoenaed information; and (5) whether there is minimal expectation

of privacy on the part of the defendant.  *Arista Records,* 604 F.3d at 119; *Patrick

Collins v. Does 1-21*, Case No. 11-15232, (ECF No. 5 therein) (E.D. Mich. Dec.

16, 2011).

Having reviewed the complaint, the instant motion, and the accompanying

memorandum of points and authorities, the Court finds that Plaintiff has

3

demonstrated good cause for early discovery.  It has stated a plausible claim for

direct copyright infringement (ECF No. 1, PageID.9-11, ¶¶ 47-52), and the motion

specifically represents that the subpoena "will only demand the true name and

address of Defendant" (ECF No 4, PageID.36).  The Court also finds that

Defendant does not have a reasonable expectation of privacy in their internet

subscriber information.  *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("We

conclude that plaintiffs in these cases lack a Fourth Amendment privacy interest in

their subscriber information because they communicated it to the systems

operators."); *see also Hard Drive Prods. v. Doe*, No. 11-9062, 2012 U.S. Dist.

Lexis 82927, at *10-11, 2012 WL 2196038 (N.D. Ill. June 14, 2012).  Furthermore,

the information sought is: (a) necessary to prosecute Plaintiff's claim; (b)

otherwise unavailable; and (c) narrowly tailored (as modified below).[1]

---

[1] As noted above, the Court is fully aware of the numerous cases that have been
brought by this and other plaintiff adult film companies in this and other districts
around the country, most if not all of which have sought the same expedited
discovery sought here.  While Plaintiff here has satisfied the requirements
necessary to permit such early discovery in this case, the modifications placed on
the information to be disclosed, and the timing and circumstances of that
disclosure, is this Court's attempt to protect against potentially abusive litigation
tactics that have been well-documented in similar cases.  Indeed, numerous courts
have remarked on what they have seen as chicanery in these cases.  *See Malibu
Media, LLC v. Does 1-13*, 2012 WL 2800123, at *2, n. 10 (E.D. Cal. July 9, 2012)
(noting "some growing concern among district courts about these sorts of
expedited discovery matters"); *Malibu Media, LLC v. Does 1-5*, 2012 WL
2001968, at *1 (S.D.N.Y. June 1, 2012) (permitting limited discovery but stating
that the court "shares the growing concern about unscrupulous tactics used by
certain plaintiffs, particularly in the adult films industry, to shake down the owners

4

## III.   CONCLUSION

Accordingly, Plaintiff's motion (ECF No. 4) is **GRANTED** subject to the

following modifications:

1.    Plaintiff shall attach a copy of this Order to the subpoena it
       issues to John Doe's ISP.

2.    Plaintiff's subpoena to the ISP may seek only the following
       information regarding John Doe:

       a.    Full name, and
       b.    Residential address.[2]

3.    Within seven days of its receipt of the subpoena, the ISP shall
       reasonably attempt to identify the subject John Doe subscriber

---

of specific IP addresses from which copyrighted adult films were allegedly downloaded"); *see also James DeBriyn, Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86, 95-99 (2012) (noting that copyright holders have devised mass-litigation models to monetize infringement using the threat of large damage awards to force alleged infringers, even innocent ones, into settlements).

Though the court has no reason to suspect any such tactics are contemplated by Plaintiff or its counsel in this case, the Court hereby issues a stern warning that it will take extremely seriously any abusive or unethical litigation or settlement tactics that come to its attention.  *See Hard Drive Prods*, 2012 U.S. Dist. LEXIS 82927, at *16 (warning plaintiffs that use of information for improper purpose, such as to harass individuals against whom plaintiff has insufficient evidentiary support for its allegations is a violation of Rule 11 and sanctionable).  While copyright holders are entitled to turn to the federal courts to protect their intellectual property rights, the Court will not permit itself to be used as an instrumentality for any unethical or abusive conduct.

[2] *See, e.g., Malibu Media, LLC v. John Doe*, No. 13-10511, (ECF No. 7 therein) (E.D. Mich. Feb. 26, 2013) (concluding that Plaintiff was not permitted to seek or obtain John Doe's email address or telephone number).

and provide him or her with a copy of the subpoena and this Order.

4.     Nothing in this Order precludes the ISP or John Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's local rules.  However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than thirty-five days from the service of the subpoena on the ISP.  *See Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *1 (D. Mass. Oct. 2, 2012) (issuing a subpoena with provision for motion practice before production of information).  Where no motion is filed by either the ISP or John Doe within the time periods prescribed herein, the ISP shall produce to Plaintiff the information identified in Paragraph 2(a) and (b) above.

5.     Plaintiff and any entity that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of the IP address if it is not controlled by such entity, duplicate IP addresses that resolve to the same individual, or for the entity's internal costs to notify its customers.

6.     Any entity that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for the billing summary, along with any other costs claimed.

7.     Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated:  September 14, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE